1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8

| | |
|---|---|
| United States Securities and Exchange Commission, | No. CV-13-00755-PHX-SRB |
| Plaintiff, | **FINAL JUDGMENT AS TO DEFENDANT JEFFREY STEBBINS** |
| v. | |
| Jeffrey Stebbins and Corbin Jones, | |
| Defendants. | |

9
10
11
12
13
14
15

The Securities and Exchange Commission having filed a Complaint and Defendant

16 Jeffrey Stebbins ("Defendant" or "Stebbins") having entered a general appearance;

17 consented to the Court's jurisdiction over Defendant and the subject matter of this action;

18 consented to entry of this Final Judgment; waived findings of fact and conclusions of law;

19 and waived any right to appeal from this Final Judgment:

20

## I.

21

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant

22 Stebbins is permanently restrained and enjoined from violating, directly or indirectly,

23 Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §

24 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any

25 means or instrumentality of interstate commerce, or of the mails, or of any facility of any

26 national securities exchange, in connection with the purchase or sale of any security:

27

(a)      to employ any device, scheme, or artifice to defraud;

28

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Stebbins is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in

active concert or participation with Defendant or with anyone described in (a).

**III.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Stebbins and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

///

///

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Stebbins and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(d) of the Exchange Act and Rules 13d-1 and 13d-2 thereunder [15 U.S.C. § 78m(d); 17 C.F.R. §240.13d-1; 17 C.F.R. §240.13d-2] by failing to file with the SEC a statement of beneficial ownership required by Section 13(d) of the Exchange Act.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Stebbins and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 16(a)

of the Exchange Act and Rule 16a-3 thereunder [15 U.S.C. § 78p(a); 17 C.F.R. § 240.16a-3] by failing to file with the SEC a statement of beneficial ownership required by Section 16(a) of the Exchange Act.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Stebbins is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Stebbins is liable for disgorgement of $1,692,323.50, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $323,567.81, jointly and severally with defendant Corbin Jones.  Defendant shall satisfy this obligation by paying $2,015,891.31 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and

name of this Court; Jeffrey Stebbins' name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement, prejudgment interest, and penalties by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Amounts that Defendant pays as disgorgement shall be credited against the restitution ordered against Defendant in *State of Arizona v. Stebbins*, Case No. CR2015-001719-001 (Superior Court of Arizona, Maricopa County).   Additionally, during any period in which Defendant is required to make monthly restitution payments as a condition of his probation in *State of Arizona v. Stebbins*, amounts that Defendant pays as restitution to the State of Arizona shall be credited against the disgorgement ordered herein.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the SEC has determined to forgo seeking a civil penalty against Defendant, and the claim for a civil penalty against Defendant is hereby DISMISSED with prejudice.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.  The SEC staff  may  make  reasonable  requests  for  further  evidence  of  compliance,  and

Defendant agrees to provide such evidence.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated this 24th day of September, 2020.

Susan R. Bolton
United States District Judge